UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SPERRY ASSOCIATES FEDERAL
CREDIT UNION,

              Plaintiff,

v.                                                 Case No:  6:10-cv-1259-Orl-36DAB

SPACE COAST CREDIT UNION, CU
BUSINESS CAPITAL, LLC, SMALL
BUSINESS AMERICA, LLC and SPACE
COAST CREDIT UNION FINANCIAL
SERVICES, INC.,

              Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff Sperry Associates Federal Credit Union's ("Plaintiff") Motion for Entry of Judgment under Rule 54(b) ("Motion") (Doc. 103). Defendant Space Coast Credit Union ("Defendant" or "Space Coast") filed a Response in opposition (Doc. 105). Upon consideration of the parties' submissions, and for the reasons that follow, the Court will deny Plaintiff's Motion.

### I.   BACKGROUND

This is an action for damages arising out of two contractual agreements, over which the Court has jurisdiction pursuant to 28 U.S.C. §1332. On July 3, 2012, the Court granted summary judgment in favor of Space Coast on each of Plaintiff's seven claims alleged against Space Coast ("July Order") (Doc. 98).[1] The two remaining defendants in the action are CU Business Capital,

---

[1] Plaintiff's Second Amended Complaint asserted seven causes of action against Space Coast, each of which was dismissed: (1) Breach of contract of the SFP Participation Agreement; (2) Breach of contract of the King Participation Agreement; (3) Indemnification under the SFP and

LLC ("CUBC") and Small Business America, LLC ("SBA") (collectively, "Remaining Defendants"). Doc. 40. Plaintiff's seventh cause of action for breach of contract, eighth cause of action for negligence, and ninth cause of action for civil conspiracy are alleged against CUBC and SBA. *Id.*

## II.   STANDARD

The Federal Rules of Civil Procedure require that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *Carringer v. Tessmer*, 253 F.3d 1322, 1323 (11th Cir. 2001). Unless the district court directs entry of a final judgment, an adjudication of fewer than all the claims of all the parties is not an appealable final decision. *Davis v. Oldham*, 2008 WL 1771809 (M.D. Fla. 2008); *In re Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995).

The Supreme Court has outlined a two-part analysis for determining whether a judgment should be certified under Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). First, the district court must determine that its final judgment is both "final", in that it is an ultimate disposition of an individual claim entered in the course of a multiple claim action, and a "judgment" in the sense that it is a decision upon a cognizable claim for relief. *Curtiss-Wright*, 446 U.S. at 7-8; *Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). Second, having found that the decision was a final judgment, the district court must determine if there is any "just reason" to delay the appeal of individual final judgments. *Id.* at 8. In evaluating whether any just reason to delay the appeal exists, the court must balance judicial administrative interests with relevant equitable concerns in an effort to

---

King Participation Agreements; (4) Fraud and Misrepresentation; (5) Continuing Fraud, Fraud in the Inducement; (6) Legal Fees and Expenses; (9) Civil Conspiracy. Doc. 40.

ensure that the application of Rule 54(b) does not encourage piecemeal litigation. *Ebrahimi v. City of Huntsville Board of Education*, 114 F.3d 162, 165-66 (11th Cir. 1997). In considering application of Rule 54(b), the court should also aim to alleviate any danger of hardship or injustice that might be associated with such a delay. *Id.* at 166. In instances where the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b). *Id.* at 167.

### III.   ANALYSIS

#### A. The July Order is a final Judgment

With respect to the first step of Rule 54(b) analysis, the Court finds that its July Order is a final judgment: it decided cognizable claims for relief and represents the ultimate disposition of certain claims.[2] *See Curtiss-Wright*, 446 U.S. at 7. Specifically, the July Order dismissed each of Plaintiff's seven claims asserted against Space Coast. Doc. 40, p. 42; Doc. 98. Although the July Order did not direct the clerk to enter a judgment in favor of Space Coast, it constitutes a final judgment for the purposes of Rule 54(b). *Lloyd Noland*, 483 F.3d at 779 ("We have interpreted the first prong of Rule 54(b) to require that a judgment 'disposes entirely of a separate claim or dismisses a party entirely' in order to be considered 'final'"); *Banking Corp.*, 69 F.3d at 1547.

#### B. The interest in judicial economy is a reason to delay certifying the partial judgment

Plaintiff argues, without any supportive case law, that grounds exist to justify the Court's certification of the July Order for appeal. Doc. 103, ¶¶ 12-21. First, Plaintiff argues that if it is required to proceed to trial against the Remaining Defendants before appealing the July Order, it

---

[2] Plaintiff and Space Coast do not dispute that the July Order is a final judgment. *See* Doc 103 *Id.* ¶ 13 ("There is nothing further for the Court to decide that would impact any liability of, or recovery against Space Coast."); Doc. 105.

would suffer prejudice, articulating two potential scenarios in which Plaintiff would litigate two trials in this action.[3]  *Id.* ¶¶ 14-15.  However, as Space Coast explains, the Eleventh Circuit explicitly rejects the argument that the burden of two potential trials justifies a Rule 54(b) certification.  Doc. 105, p. 3; *Ebrahimi*, 114 F.3d at 168 (a district court's preference for pretrial appellate review of dismissal decisions is an improper basis for Rule 54(b)).  Indeed, Rule 54(b) is not the proper mechanism for seeking appellate review of dismissed claims in order to avoid an additional trial.  *Id.*; *see Walsh v. Jeff Davis County*, 2012 WL 2127123 (S.D. Ga. 2012); *Curtiss-Wright*, 446 U.S. at 8 ("Not all final judgment on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims").  Moreover, as Space Coast notes, the possibility of two trials in this case assumes that Plaintiff wins its appeal of the July Order or its later appeal of a dismissal or judgment in favor of the Remaining Defendants.  Doc. 105, pp. 3-4.  While there is no indication that Plaintiff will win either appeal, if the Court grants Plaintiff's Motion and certifies its July Order, the Eleventh Circuit is certain to face a piecemeal appeal, the appeal of the July Order and another following a disposition of claims against the Remaining Defendants.  *See Walsh*, 2012 WL 2127123 *2.

Second, Plaintiff maintains that because many of the legal theories and factual circumstances are similar for its causes of action against Space Coast and the Remaining Defendants, conducting two trials would be costly and burdensome.  Doc 103, ¶¶ 16-17.  Specifically, Plaintiff argues that two multi-day trials "that would, to great extent, be mirrors of

---

[3] For example, if Plaintiff first proceeds to trial against CUBC and SBA, and subsequently was successful on its appeal of the July Order, Plaintiff would have to conduct a second trial on the causes of action alleged against Space Coast.  *Id.*  Alternatively, because Plaintiff's ninth cause of action accuses Space Coast, CUBC and SBA of civil conspiracy, if Plaintiff were to prevail at trial against the Remaining Defendants, and subsequently prevail on its appeal of the July Order, it would have to conduct a second trial against Space Coast and CUBC and SBA for the ninth cause of action.  *Id.* ¶ 15.

each other" would be a waste of judicial resources. *Id.* ¶ 19.   To the contrary, Plaintiff's emphasis on the similar facts, witnesses, and legal theories that would arise in two similar trials weighs against certifying the July Order for appeal.   Indeed, the Court must "exercise its discretion in certifying partial judgments in consideration of 'judicial administrative interests' – including –'the historical federal policy against piecemeal appeals' and 'the equities involved'". *Lloyd Noland,* 483 F.3d at 778 (citing *Curtiss-Wright*, 446 U.S. at 7-8).   Here, the similarity of facts and relief sought between the dismissed and remaining claims suggests that the interests of judicial administration would not be served by allowing an immediate appeal. *See Ebrahimi,* 114 F. 3d at 167 ("In instances such as this, when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)").   In contrast, when a court has granted summary judgment for one defendant, dismissing claims that are unrelated to claims against remaining defendants, certifying the dismissed claims does not promote piecemeal appeals. *Banking Corp.*, 69 F.3d at 1547; *Curtiss-Wright*, 446 U.S. at 7-8.

For the aforementioned reasons, the Court finds that there is just reason to delay Plaintiff's appeal of the July Order, dismissing its claims against Space Coast.   Upon disposition of the claims as to the Remaining Defendants, a final judgment will be entered and Plaintiff may file an appeal on all orders at that time.

Accordingly, it is hereby **ORDERED**:

1.    Plaintiff Sperry Associates Federal Credit Union's Motion for Entry of Judgment under Rule 54(b) (Doc. 103) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 5, 2012.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties